```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

DEIDRA DABNEY                              CIVIL ACTION

VERSUS                                     NO: 07-8506

STATE FARM INSURANCE CO.                   SECTION: "A" (5)
```

### ORDER AND REASONS

Before the Court are a **Motion in Limine to Exclude Evidence From Trial (Rec. Doc. 19)**, **Motion for Partial Summary Judgment on Coverage C (Rec. Doc. 22)**, **Motion for Partial Summary Judgment on the Issues of Bad Faith and Attorney's Fees (Rec. Doc. 20)**, and a **Motion for Partial Summary Judgment as to Extra-Contractual Damages (Rec. Doc. 21)** filed by defendant State Farm Fire and Casualty Co. ("State Farm"). Plaintiff, Deidra Dabney, does not oppose the latter two motions. The motions, set for hearing on August 20, 2008, are before the Court on the briefs without oral argument.

Plaintiff seeks additional recovery from State Farm due to damages arising out of Hurricane Katrina. Her home was located in Westwego, Louisiana and sustained wind damage. This matter is set for a pre-trial conference on September 17, 2008, and the parties will participate in a settlement conference with the magistrate judge on September 23, 2008. A trial by jury is set for October 14, 2008.

Plaintiff does not oppose State Farm's motions for summary

judgment on the issues of bad faith, attorney's fees, and extra-contractual damages.  Therefore, those motions are GRANTED.

State Farm moves for summary judgment on Plaintiff's Coverage C claim for additional living expenses ("ALE").  Plaintiff is seeking nearly $19,000 in ALE.  State Farm contends that Plaintiff was paid $1,570.13 for Prohibited Use of the property during the evacuation but that she has not demonstrated that her home was uninhabitable so as to trigger ALE coverage.  Moreover, State Farm points out that Plaintiff has presented no receipts to document her claim.

In opposition, Plaintiff complains that she lost food in her refrigerator and that her refrigerator was damaged.

State Farm's motion is GRANTED as to ALE because the record does not support a finding that Plaintiff's home was uninhabitable as required by the policy, see Rec. Doc. 22, Exh. C at 4, and because the record contains no evidence to support this claim.  The claims regarding the refrigerator appear to be related to Plaintiff's contents claim which is not at issue in Coverage C.

State Farm moves the Court in limine to exclude from trial Plaintiff's expert, James Abner, because his report was produced one month past the June 20, 2008, deadline given in the Court's scheduling order.  Rec. Doc. 7.

2

In opposition, Plaintiff contends that her expert should not be excluded because she revealed the report by the general deadline imposed for filing witness and exhibit lists. Plaintiff complains that if the Court excludes her expert then she has no case to go to trial.

This motion is DENIED. However, the Plaintiff must produce the expert for his deposition no later than the date set for the pre-trial conference.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment on Coverage C (Rec. Doc. 22)**, **Motion for Partial Summary Judgment on the Issues of Bad Faith and Attorney's Fees (Rec. Doc. 20)**, and **Motion for Partial Summary Judgment as to Extra-Contractual Damages (Rec. Doc. 21)** filed by defendant State Farm Fire and Casualty Co. are **GRANTED**;

**IT IS FURTHER ORDERED** that the **Motion in Limine to Exclude Evidence From Trial (Rec. Doc. 19)** is **DENIED**.

September 11, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE